UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PAMELA SANDERS**                                               **CIVIL ACTION**

**VERSUS**                                                              **NO. 23-1174-BAJ-RLB**

**SAFEPOINT INSURANCE COMPANY**

**ORDER**

Before the Court is Plaintiff's renewed Motion to Substitute Party Pursuant to Fed. Rule Civ. Pro. 25. (R. Doc. 15). The motion is opposed. (R. Doc. 25).

**I.     Background**

On August 29, 2023, Pamela Sanders ("Plaintiff") commenced this action against SafePoint Insurance Company ("SafePoint" or "Defendant") to recover under an insurance policy in effect on August 29, 2021, when Hurricane Ida made its landfall and caused alleged loss and damage to insured property in Denham Springs, Louisiana. (R. Doc. 1).

The record indicates that SafePoint was served process on December 8, 2023, but has not filed a responsive pleading. (*See* R. Doc. 6). Plaintiff has not sought any relief under Rule 55 of the Federal Rules of Civil Procedure.

There is no dispute that Plaintiff's policy in effect on August 29, 2021 was actually issued by the insolvent insurer Access Home Insurance Company ("Access Home"). In support of the instant Motion to Substitute Party, Plaintiff submits a news release by the Louisiana Department of Insurance indicating that Access Home was placed into receivership in November of 2021, SafePoint assumed all Access Home policies retroactive to the date of December 1, 2021, and the Louisiana Insurance Guaranty Association ("LIGA") "is responsible for claims

from Hurricane Ida and any other events prior to" December 1, 2021. (R. Doc. 15-1). Plaintiff is now attempting to substitute LIGA as a defendant in place of SafePoint.

On March 7, 2024, Plaintiff filed her first Motion to Substitute Party (R. Doc. 12). The Court denied the motion without prejudice because (1) Plaintiff did not seek relief under Rule 25 of the Federal Rules of Civil Procedure, (2) Plaintiff failed to submit any evidence that she served the motion, as well as a notice of hearing, on the non-party LIGA in accordance with Rule 4 as required under Rule 25(a)(3), (3) Plaintiff did not address pertinent jurisprudence regarding whether LIGA can be substituted in place of an insolvent insurer under Rule 25(c), and (4) Plaintiff did not explain why LIGA or Access Home were not named as defendants in the Complaint, or how LIGA is the appropriate party to substitute in place of SafePoint. (R. Doc. 13)

On April 17, 2024, Plaintiff filed the instant renewed Motion to Substitute Party (R. Doc. 15) and a separate Motion for Hearing Date (R. Doc. 16). The Court granted the Motion for Hearing Date, and set a hearing on the Motion to Substitute Party. (R. Docs. 18, 20).

Plaintiff subsequently served LIGA as required by Rule 25(a)(3). (R. Doc. 21). LIGA then filed a response in opposition to the instant Motion to Substitute. (R. Doc. 25).

On July 9, 2024, the Court held a hearing on the Motion to Substitute Party. (R. Doc. 26). Plaintiff's counsel did not appear for the hearing.

**II.    Law and Analysis**

Plaintiff filed this lawsuit in federal court asserting that an exercise of federal diversity jurisdiction under 28 U.S.C. § 1332 is proper because Plaintiff is a citizen of Louisiana and Safepoint is a citizen of Florida. (R. Doc. 1). Like Plaintiff, LIGA is a citizen of Louisiana. *See Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) ("LIGA has the citizenship for diversity purposes of each of its constituent member insurers."); *Chatman v.*

*Maison Ins. Co.*, No. 22-01055, 2024 WL 347889, at *3 (M.D. La. Jan. 30, 2024) ("It is well-settled that LIGA has Louisiana citizenship because it has Louisiana domiciled members.") (citing cases).

Accordingly, the addition of LIGA as a non-diverse defendant by amendment would destroy the court's diversity jurisdiction under 28 U.S.C. § 1332. *See Mitchell v. S. Fid. Ins. Co.*, No. 21-675, 2023 WL 5663225, at *3 (M.D. La. Aug. 1, 2023), *report and recommendation adopted*, 2023 WL 5663214 (M.D. La. Aug. 31, 2023) (granting plaintiffs leave to name LIGA as a non-diverse additional defendant, and remanding the action for lack of subject matter jurisdiction); *Brittain v. FedNat Ins. Co.*, No. 22-01917, 2023 WL 7367882, at *2 (W.D. La. Nov. 7, 2023) ("Here the pleadings reveal that both plaintiffs and LIGA are citizens of Louisiana. An amendment adding LIGA as defendant would destroy the court's diversity jurisdiction."). "Where LIGA's addition as a party to a federal filed complaint has stripped subject matter jurisdiction, district courts in this circuit have dismissed the case without prejudice" for lack of subject matter jurisdiction. *Baldwin v. United Prop. & Cas. Ins. Co.*, No. 22-1281, 2024 WL 1533439, at *2 (E.D. La. Apr. 9, 2024) (citing cases).

The *substitution* of a non-diverse defendant in place of a diverse defendant, however, does not destroy subject matter jurisdiction. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 427-29 (1991) (per curiam) (holding that the Rule 25 substitution of a non-diverse party in a diversity action does not destroy diversity because diversity is assessed at the time the original action was filed); *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) ("Subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution."); *see also Loving v. United Prop. & Cas. Ins. Co.*, No. 22-3900, 2023 WL 7386065, at *4 (E.D. La. Nov. 8, 2023) (substituting LIGA as a non-diverse defendant and

3

retaining subject matter jurisdiction); *but see 816 Elysian Fields LLC v. United Prop. & Cas. Ins. Co.*, No. 22-4290, 2023 WL 6464599, at *2 (E.D. La. Oct. 4, 2023) (distinguishing *Ransom* on the basis that it concerned a Rule 25(a) substitution after a party's death, as opposed to a Rule 25(c) substitution based on a transfer of interest).

If LIGA can be properly substituted as a defendant in place of Safepoint pursuant to Rule 25, then the Court may retain federal diversity jurisdiction over this action. For the following reasons, however, the Court concludes that substitution of LIGA as a defendant in place of Safepoint is improper.

Rule 25(c) provides the following: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)." Fed. R. Civ. P. 25(c). As discussed above, Plaintiff properly served LIGA as required under Rule 25(a)(3). The sole issue is whether there was a proper transfer of interest from the named defendant (Safepoint) to the proposed substitute defendant (LIGA) to merit substitution pursuant to Rule 25(c).

As an initial matter, district courts within the Fifth Circuit have reached different conclusions regarding whether LIGA can even be substituted in place of an insolvent insurer under Rule 25(c). Some courts have concluded that substitution is an improper procedure because LIGA is not the legal or statutory successor of insolvent insurers. *See*, *e.g.*, *McDonald v. United Prop. & Cas. Ins. Co.*, No. 22-3757, 2023 WL 6464772, at *2 (E.D. La. Oct. 4, 2023) (stating that "substitution is an improper procedural vehicle for adding LIGA as a party" because it is not the "legal or statutory successor" to the insolvent insurer); *816 Elysian Fields LLC*, 2023 WL 6464599, at * ("Courts frequently—but incorrectly—refer to LIGA as the legal successor of

4

insolvent insurers."); *see also Tyburczy v. Graham*, No. 91-1978, 1994 WL 150724, at *3 (E.D. La. Mar. 30, 1994) ("When an insurer such as Alliance becomes insolvent, it ceases to exist, and the liquidator or receiver becomes its legal successor, not LIGA."). Other courts have concluded that substitution of LIGA in place of an insolvent insurer is appropriate under Rule 25(c). *See, e.g.*, *Loving*, 2023 WL 7386065, at *4 ("[S]ubstitution [under Rule 25(c)] is an available procedural vehicle for adding LIGA to an existing complaint in federal court if that complaint seeks the resolution of covered claims."); *Brittain*, 2023 WL 7367882, at *2 n.1 ("The undersigned . . . regards LIGA's legal obligation to pay the insolvent insurer's covered claims as a sufficient 'transfer of interest' as contemplated under Rule 25(c).").

The Court need not decide, however, whether it is appropriate to substitute LIGA in place of an insolvent insurer pursuant to Rule 25(c) because the actual defendant in this action, Safepoint, is not an insolvent insurer with respect to the underlying insurance claim. To be clear, Access Home (not Safepoint) was declared insolvent and placed into liquidation by a Louisiana court after the landfall of Hurricane Ida on August 29, 2021, but prior to the commencement of this action on August 29, 2023. *See Donelon v. Access Home Ins. Co.*, No. C-713124, Order of Liquidation and Finding of Insolvency (19th Judicial District Court, East Baton Rouge Parish, Jan. 13, 2022). Even if LIGA is the statutory or legal successor of Access Home for the purpose of a "transfer of interest" under Rule 25(c), that relationship has no bearing on Safepoint.

In short, Plaintiff did not sue the actual insolvent insurer (Access Home) and instead sued a solvent insurer (Safepoint) who assumed policy obligations after the landfall of Hurricane Ida. As stated above, Plaintiff has submitted documentation indicating that SafePoint assumed all Access Home policies retroactive to the date of December 1, 2021, whereas LIGA "is responsible for claims from Hurricane Ida and any other events prior to" December 1, 2021. (R.

5

Doc. 15-1). There is no indication that the actual defendant in this action (SafePoint) ever had an obligation under the policy in effect at the time Hurricane Ida made landfall, much less that any "transfer of interest" was made with respect to that obligation to LIGA.

Having considered the record, including the briefing submitted by the parties, the Court will deny substitution on the basis that there was not even a potential "transfer of interest" from Safepoint to LIGA with respect to the underlying insurance claim. Any "transfer of interest" from Access Home to LIGA would have occurred prior to the filing of this lawsuit. *See Flintkote Co. v. Aviva PLC*, No. 15-01638, 2015 WL 9269761, at *3 (N.D. Cal. Dec. 21, 2015) (Rule 25(c) is inapplicable where a transfer of interest occurred prior to the filing of the lawsuit). Moreover, Plaintiff misleadingly asserts that LIGA is the "statutory successor in interest to Defendant in liquidation" and that "LIGA stepped into the shoes of the Defendant for Hurricane Ida claims." (R. Doc. 15 at 2) (emphasis added). Those statements may have been true if the named defendant was Access Home. But there is no evidence that the actual "Defendant" in this action (Safepoint) was in liquidation at any time pertinent to the claims in this litigation or otherwise had any obligations under the underlying policy at the time of Hurricane Ida's landfall.

Given the foregoing, the Court finds no basis to allow substitution of LIGA in place of Safepoint under Rule 25(c).

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's renewed Motion to Substitute Party (R. Doc. 15) is **DENIED**.

In addition, the Court notes that Plaintiff has taken no action to move this case forward against the served defendant. As indicated above, this may be because there is no basis for recovery from Safepoint. Accordingly,

**IT IS FURTHER ORDERED** that the Plaintiff shall show cause, within **14 days** of the date of this Order, why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41(b). In the alternative, Plaintiff may seek voluntary dismissal of this action under Rule 41(a) if appropriate.

Signed in Baton Rouge, Louisiana, on July 12, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**